CITY UTILITY COMMISSION OF the CITY OF OWENSBORO, Kentucky, Appellant,

v.

CIVIL SERVICE COMMISSION OF the CITY OF OWENSBORO, Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 26, 1965.

Orlan Bingham, pro se.

B. Robert Stivers, pro se.

John S. Hager, Sandidge, Holbrook, Craig & Hager, Owensboro, for appellant.

William T. Carroll, Gant & Carroll, Joseph H. McKinley, Wilson & Wilson, Owensboro, for appellee.

WILLIAMS, Judge.

This action has been submitted on an agreed statement of facts pursuant to KRS 418.020. The issue is whether a person appointed to a classified position under the Civil Service Ordinance of the City of Owensboro, pursuant to KRS 90.350(6), should have been qualified as to age, residence and voter requirements, under the provisions of KRS 90.330.

Appellant manages and operates the waterworks system and electric power generating and distribution facilities for Owensboro, a city of the second class. On May 21, 1956, appellant appointed Shirley Brown as mechanical engineer at the Owensboro Municipal Utilities, and he has served continuously from that date in a good and workmanlike manner. This position is in the classified civil service of the City of Owensboro.

In 1956, KRS 90.330 read as follows:

"(1) The civil service commission shall examine all applicants as to their physical and mental qualification for the particular classification wherein they seek employment. To be eligible for examination a person must not be less than twenty-one nor more than forty-five years of age, a law-abiding citizen of sobriety and integrity and a registered voter within the city, and must be able to read and write and understand the English language. (1946 c. 50, sec. 3. Eff. June 19, 1946.)

"(2) To be eligible for examination in cities of the second class, a person must have been a registered voter within the city for more than one year, in addition to the requirements of subsection (1) of this section."

Section (2) was amended in 1962, which was subsequent to the hiring of Brown in 1956.

At the time of his employment Mr. Brown was over 45 years of age, and he was not a registered voter in the City of Owensboro. To be eligible for examination the applicant must meet these requirements.

Mr. Brown was appointed pursuant to a provision in KRS 90.350(6), which reads in part as follows:

"* * * Provided that, in case of a vacancy in the classified service, where peculiar and exceptional qualifications of a particular professional or educational character are required, upon satisfactory evidence that for reason stated in writing by the appointing authority, competitive examination in such case is impracticable; the commission may suspend the provisions requiring competitive examination under civil service. (1946 c. 50, sec. 5. Eff. June 19, 1946.)"

The appellee, Civil Service Commission, pursuant to the above statute, suspended the provisions requiring competitive examination, but refused to certify Mr. Brown for coverage under civil service. The lower court held that, although appellee could suspend the competitive examination, it could not fail to conduct a non-competitive

examination which would require the appointee to meet the qualifications of KRS 90.330. From a judgment to that effect this appeal is prosecuted.

 It is clear from the full context of the statute that the Legislature meant to set up requirements which must be met before a person can become eligible to take a competitive examination, even though the word examination is not qualified by the adjective non-competitive or competitive. Therefore, when the competitive examination is suspended under KRS 90.350(6), the requirements to take the examination are likewise suspended. The statute provides no procedure for a non-competitive examination. Moreover, there were no eligibility requirements for appointment without an examination until the statute was amended in 1962 to read as follows:

> KRS 90.330(2). "No person shall be appointed to a position under civil service until that person is a resident of that city."

The amendment points up the fact that the Legislature did not intend the eligibility requirements of KRS 90.330 to apply to a person who was appointed under the exception of KRS 90.350(6).

 Further it is apparent that the Legislature's purpose in providing an exception was to enable cities to fill important positions of a peculiar character that cannot be filled by the regular examination procedures or because of the strict age and voting requirements of KRS 90.330. A construction of KRS 90.350(6) to the effect that it waives a competitive examination but not the eligibility requirements to take an examination would thwart the whole purpose of the exception and produce potentially absurd results for the city.

We conclude the construction placed on the statute by the lower court, although expertly reasoned, nonetheless erroneously interprets the legislative intent.

The judgment is reversed.